Date signed August 17, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Firstpay, Inc.,** | * | **Case No.** | 03-30102 PM |
| | * | **Chapter** | 7 |
| | * | | |
| Debtor. | * | | |
| ************************************ | * | | |
| **Michael G. Wolff, Chapter 7 Trustee,** | * | Adv. Proc. No. | 05-01695PM |
| | * | | |
| | * | | |
| Plaintiff, | * | | |
| vs. | * | | |
| **United States of America,** | * | | |
| | * | | |
| | * | | |
| Defendant. | * | | |

### MEMORANDUM OF DECISION

This adversary proceeding was commenced by Plaintiff, the Chapter 7 Trustee for Debtor Firstpay, Inc., on June 24, 2005 against Defendant, the United States of America. Defendant filed its answer on September 13, 2005. In his complaint, Plaintiff alleged that Defendant, specifically the Internal Revenue Service, was pursuing Debtor's former clients for the collection of employment taxes paid by the clients to Debtor but not forwarded by Debtor to Defendant.

As a result of Defendant's collection efforts, the clients filed proofs of claim against Debtor. Plaintiff alleges that the clients continued to make payments to Debtor because Defendant failed to notify the clients that tax payments had not been received, and instead, notified only Debtor. Therefore, the clients were not made aware of Debtor's fraudulent acts. Under these facts, Plaintiff argues that Defendant allowed Debtor to act as its collection agency and is responsible for the malfeasance of Debtor and facilitated its fraudulent conduct.

Plaintiff asserted nine counts in the complaint: for declaratory judgment under 28 U.S.C. §2201, *et seq.*, that clients who made payments of employment taxes to Debtor have no liability for such taxes to Defendant; for avoidance of preferential transfers under 11 U.S.C. §547; for avoidance of fraudulent conveyance under 11 U.S.C. §548 and Maryland Commercial Law, Md. Code. Ann., Comm. Law §15-204, *et seq.*, and for turnover under 11 U.S.C. §550.

Defendant filed a motion for summary judgment on July 3, 2006. An opposition was filed, and a hearing was held on the motion on August 1, 2006. An Order Granting in Part, and Denying in Part, Defendant's Motion for Summary Judgment was entered on August 2, 2006. Pursuant to the Order, the counts for a declaratory judgment and those related to preferential transfer under 11 U.S.C. §547 (counts one through three) were dismissed. The remaining counts related to fraudulent conveyance were tried on August 9, 2006. For the reasons stated in this memorandum, the court dismisses these counts, and the related count under 11 U.S.C. §550 (counts four through nine).

In its Motion for Summary Judgment, Defendant argued that a declaratory judgment could not be issued because Plaintiff lacks standing to seek such a remedy, and that even if Plaintiff had standing, this court lacks jurisdiction to issue a declaratory judgment under the

Anti-Injunction Act, 26 U.S.C. §7421.  In addition, Defendant argued that there were no preferential transfers as Defendant was not a creditor of Debtor, and because Debtor paid Defendant funds it was contractually obligated to pay.  In support of its argument for dismissal of the fraudulent conveyance claims, Defendant argued that the transfers at issue were not for debts incurred by Debtor, but by its clients, and that the state fraudulent conveyance claims are barred under Maryland law.

Summary judgment under Fed. R. Civ. P. 56, made applicable to these proceedings under Fed. R. Bankr. P. 7056, is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  F.R.C.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Here, the undisputed facts are that Debtor operated a payroll service, and that Debtor contracted with various individuals and organizations to provide payroll services.  The services provided by Debtor were to include the preparation and filing of federally-required payroll tax forms, reports and the submission to Defendant of employment payroll taxes.  Debtor failed to pay over a large portion of the taxes paid by clients and owed to Defendant because Debtor's principal, Mark Rothman, diverted funds collected by Debtor from its clients for his personal use.  Defendant notified Debtor of the non-payment of taxes, but, in many cases, did not notify the individual clients.  An involuntary petition was filed on May 16, 2003, and an order for relief was entered on June 25, 2003.  Defendant is attempting to collect the unpaid taxes from Debtor's former clients, and, as a result, many former clients have filed proofs of claim in the main bankruptcy case.

The court does not have jurisdiction to grant a declaratory judgment as to Debtor's former clients' federal tax liabilities.  Plaintiff argues that this case is excepted from the

prohibitions of the Anti-Injunction Act[1] under 11 U.S.C. §505[2], and cites In re Major Dynamics, 14 B.R. 969 (Bankr. S.D. Cal. 1981) to support his argument. In that case, the court held that it had jurisdiction to enjoin the Internal Revenue Service's ("IRS") assessment and collection of taxes from unsecured creditors of the debtor under §505 despite the provisions of the Anti-Injunction Act. Id. at 972. The court limited its holding to situations in which "the activity to be enjoined directly affected the debtor or the estate . . . and was necessary to the rehabilitation of the debtor or to the orderly administration of the estate." Id. In Major Dynamics, the motion to enjoin was brought by the unsecured creditors' committee, and the committee argued that the IRS' actions were impeding the reorganization of the debtor. Id. at 970.

    The facts of this case differ significantly from those of Major Dynamics, as Plaintiff is moving to preclude Defendant's actions against Debtor's former clients, none of whom are

---

[1] The Anti-Injunction Act, 26 U.S.C. §7421, provides: "(a) Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

[2] 11 U.S.C. §505: "(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. (2) The court may not so determine– (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; (B) any right of the estate to a tax refund, before the earlier of– (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or (ii) a determination by such governmental unit of such request; or (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) has expired."

parties to this proceeding. In addition, a majority of the courts considering this issue have declined to follow the holding in Major Dynamics. See In re Wolverine Radio Co., 930 F.2d 1132, 1139 (6th Cir. 1991) ("However, in the last few years virtually all courts which have considered the issue have concluded that §505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor."); see also In re Brandt-Airflex Corp., 843 F2d 90 (2nd Cir. 1988) (bankruptcy court did not have jurisdiction to determine liability of payroll financier for debtor's unpaid withholding taxes). For these reasons, the court declined to exercise jurisdiction to issue a declaratory judgment against Defendant[3], and dismissed the claim in the order on summary judgment entered on August 2, 2006.

Likewise, in the August 2, 2006 order, the court dismissed the counts alleging preferential transfers under 11 U.S.C. §547. In support of these claims, Plaintiff alleged that Defendant was a creditor of Debtor, and that from February 2003 through May 2003 (90 days prior to the petition date), Debtor paid Defendant no less than $28,110,212.07. Plaintiff estimated that during the one year prior to the petition date, Debtor paid more than $112,000,000 to Defendant, and that in the three years prior to the filing of the petition date, Debtor paid more than $336,000,000 to Defendant.

11 U.S.C. §547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

---

[3] Defendant contested Plaintiff's standing to request a declaratory judgment as well. As the court decided that it did not have jurisdiction to enter a declaratory judgment in this action, the court will not address the issue of standing.

>   (3) made while the debtor was insolvent;
>   (4) made--
>       (A) on or within 90 days before the date of the filing of the petition; or
>       (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>       (5) that enables such creditor to receive more than such creditor would receive if--
>       (A) the case were a case under chapter 7 of this title;
>       (B) the transfer had not been made; and
>       (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The purpose of §547 is to prevent the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy.  See Begier v. Internal Revenue Service, 496 U.S. 53, 58 (1990)   Plaintiff's claims for preferential transfer fail for several reasons.  First, Defendant is not a creditor of Debtor, but of Debtor's former clients.  The transfers in question were made by Debtor on behalf of its clients for taxes owed by the clients to Defendant.  Second, it follows that the transfers alleged by Debtor were not made for an antecedent debtor owed by Debtor.  Finally, with regard to the claim under 11 U.S.C. §547(b)(4)(B), Defendant is not an "insider" as defined in 11 U.S.C. §101(31).[4]  For these reasons, the court dismissed the counts of the complaint related to preferential transfer.

The counts related to fraudulent conveyance, both under 11 U.S.C. §548 and Md. Code. Ann., Comm. Law §15-204, *et seq.* were tried on August 9, 2006.  The court concludes that Plaintiff did not meet his burden of proof on the fraudulent conveyance counts, and dismisses these counts.

---

[4] 11 U.S.C. §101(31) reads: "'insider' includes– . . . (B) if the debtor is a corporation--(i) director of the debtor; (ii) officer of the debtor;(iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor . . . ."

Pursuant to §548, a trustee may bring an action to avoid a fraudulent transfer made within one year before the filing of the bankruptcy petition[5] in two situations: if the transfer was made with an actual intent to hinder, delay or defraud creditors; or, if the transfer was made while the debtor was insolvent and the debtor received less than a reasonably equivalent value in exchange for such transfer. 11 U.S.C. § 548(a)(1)(A)-(B). In this case, Debtor made certain pre-petition tax payments to Defendant on behalf of Debtor's clients; Plaintiff offered no evidence to show that Defendant was a creditor of Debtor. In addition, by payment to the IRS, debtor was relieved of the obligation to account to its client for the transfer of funds, and this appears to be reasonably equivalent value. Plaintiff's argument regarding Debtor's indemnification for its actions under the "Tax Reporting Services Agreement" is unavailing. The relevant section of the Agreement reads:

> Client agrees to indemnify and hold harmless FIRSTPAY, Inc. and any financial institution from any claim arising out of the operation of this Tax Reporting Services Agreement. In particular, Client agrees that FIRSTPAY, Inc. shall have no liability whatsoever for payment of taxes, fines or penalties, except as specifically set forth in this Agreement.

This hold harmless section of the Agreement, by its own terms, only applies to the operation of the Agreement. Debtor's liability is not for the payment of taxes but for the non-payment of funds entrusted to it. If Plaintiff's reading of the Agreement is correct, it is a license to steal. Such an interpretation is contrary to public policy. Therefore, no claim lies against Defendant under §548.

---

[5] The amended version of 11 U.S.C. §548(a)(1) as a result of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 provides a two year look-back period for actions under this section, however, this amendment is not applicable here.

For a different reason, Plaintiff does not prevail on his claims for fraudulent conveyance under Md. Code Ann. Com. Law §§15-204, 10-205, 15-206 and 15-207.  These claims are barred by the "voluntary payment" doctrine under Maryland law, which prohibits recovery of a tax paid voluntarily, absent a special statutory provision authorizing a refund.  See Apostol v. Anne Arundel County, Maryland, 421 A.2d 582, 585 (Md. 1980).  See also In re Abatement Envir. Resources, Inc., 301 B.R. 830, 835-36 (D. Md. 2003), aff'd on other grounds, 102 Fed.Appx. 272 (4th Cir. 2004) (citing Apostol, and referencing the voluntary payment doctrine in holding that a chapter 7 trustee could not bring a fraudulent conveyance claim against IRS for recovery of tax payment).

While the Defendant prevails in this adversary proceeding, the court is appalled by the actions of the IRS that made the continuation of the fraudulent diversionary scheme by the Debtor possible, long after it should have been discovered.  By changing the addresses for notices, the Debtor received all the deficiency notices issued by the IRS, thus depriving honest taxpayers – people who were not doing a thing wrong other than dealing with a crook – of a warning that their funds were being diverted.  To magnify the insult, they will have to pay the taxes despite having already remitted funds to Debtor, together with interest, as the IRS will not forego the interest.  How is it that no individual in the employ of the IRS was aware of the Debtor's fraudulent scheme when, as the court was told during the course of the hearing, literally pallets loaded with deficiency notices were delivered daily to one address?  One hopes that, in light of this horrible miscarriage of justice, Congress will enact legislation to protect innocent taxpayers caught in a similar situation.

An appropriate order will be entered.

cc:  Jeffrey M. Orenstein
Goren, Wolff & Orenstein, LLC
15245 Shady Grove Road
Suite 465, North Lobby
Rockville, MD 20850

Michael G. Wolff
11300 Rockville Pike
Rockville, MD 20852

Gerald A. Role
U.S. Department of Justice
PO Box 227
Washington, DC 20044-0227

Firstpay, Inc.
12510 Prosperity Drive
Suite 250
Silver Spring, MD 20904

Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

**End of Memorandum**